IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER PERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00146 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CLINT D. DAVIS, ) | By:  Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Christopher Person ("Person"), a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against multiple Virginia Department of Corrections ("VDOC") administrators, officers, and healthcare workers at Keen Mountain Correctional Center ("KMCC") alleging violations of his Eighth and Fourteenth Amendment rights, along with a state-law claim of negligence.[1] (*See generally* Compl. [ECF No. 1]; Am. Compl. [ECF No. 25].) Person claims that he was denied a timely flu shot and that, as a result, he contracted the flu and developed pleurisy.

This matter is before the court on a motion to dismiss or, in the alternative, motion for summary judgment filed by Defendants Dr. Amonette and Laurie Carter (collectively "Defendants"). (ECF No. 62.) Because the record establishes that Person failed to exhaust his

---

[1] The only remaining defendants are Dr. Amonette, the chief physician for VDOC, and Laurie Carter, VDOC Regional Healthcare Administrator. All other defendants have been granted summary judgment. (*See* Order, Sep. 27, 2021 [ECF No. 69] (granting motion for summary judgment filed by Defendants A. Brennon, C. Davis, Larry Fields, J.S. Harrison, Steve Herrick, C.L Parr, R. Smith, J.W. Water, and R.W. Whitt); Order, Mar. 25, 2022 [ECF No. 76] (granting motion for summary judgment filed by Defendants Debra Ball, Kevin Fox, and E. Whited).)

administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), the court will grant Defendants' motion for summary judgment.

## I.

Person's allegations are relatively straight-forward. At all relevant times, Person was an inmate at KMCC. He contends that, as a "chronic care" patient in VDOC's custody, he was entitled to "priority" administration of flu shots in late 2019/early 2020. (Compl. ¶¶ 14–16, 18; Am. Compl. ¶¶ 14, 16.) Although Person requested a flu vaccine, he was not administered one on January 9, 2020, when he contends other chronic care patients were given their vaccines. (Am. Compl. ¶ 16.) Despite his repeated requests, Person was not administered a flu shot until February 24, 2020. (Compl. ¶ 48.) As a result of the delayed receipt of the flu vaccine, Person contends he developed the flu, which caused him to develop pleurisy.[2] (*See generally* Mem. Op. pgs. 2–3, Sept. 27, 2021 [ECF No. 68].)

Defendants move for either dismissal (under Federal Rule of Civil Procedure 12(b)(6)) or summary judgment (under Federal Rule of Civil Procedure 56), contending that Person failed to exhaust his administrative remedies prior to filing this suit. The matter was fully briefed by the parties, and the court has reviewed the entire record.[3] Because the allegation

---

[2] Plaintiff refers to the flu, or influenza, as an "orthomyxovirus." (*See, e.g.*, Am. Compl. ¶¶ 15–18.) "The orthomyxoviruses (influenza viruses) constitute the genus *Orthomyxovirus*, which consists of three types: A, B, and C. These viruses cause influenza, an acute respiratory disease with prominent systemic symptoms. Pneumonia may develop as a complication and may be fatal, particularly in elderly persons with underlying chronic disease." Robert B. Couch, *Orthomyxoviruses*, *Medical Microbiology 4th Edition* (Baron S. ed. 1996), *available at* https://www.ncbi.nlm.nih.gov/books/NBK8611/ (last visited Sept. 26, 2022). "Pleurisy . . . is a condition in which the pleura—two large, thin layers of tissue that separate your lungs from your chest wall—becomes inflamed. Also called pleuritis, pleurisy causes sharp chest pain (pleuritic pain) that worsens during breathing." *Pleurisy–Symptoms and Causes*, Mayo Clinic, *available at* https://www.mayoclinic.org/diseases-conditions/pleurisy/symptoms-causes/syc-20351863 (last visited Sept. 26, 2022).

[3] The court will dispense with oral argument because the evidence and arguments of the parties are adequately set forth in their written pleadings.

that Person failed to exhaust his administrative remedies necessarily relies on evidence that was not included with Person's complaint, the court will treat Defendants' motion as one for summary judgment.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality,. . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). But if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). Rather, the evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310,

1315−16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

### III.

Defendants argue that summary judgment is proper here because Person failed to exhaust his available administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). The PLRA provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. *Nussle v. Porter*, 534 U.S. 516, 524 (2002) (interpreting 42 U.S.C. §1997e(a)). Exhaustion is mandatory under § 1997e(a), and courts have no discretion to waive the requirement. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Thus, a court may not excuse a failure to exhaust available remedies, even to take into account "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The exhaustion requirement of § 1997e(a) applies to *all* inmate suits even where the form of relief sought, such as monetary damages, cannot be granted by the administrative process. *Woodford*, 548 U.S. at 85. An inmate must follow all steps of the established administrative procedure that the state provides to prisoners and meet all deadlines of that procedure before filing a § 1983 action. *See id.* at 90–94 (2006). The Supreme Court has instructed that the PLRA "requires proper exhaustion." *Id.* at 93. An inmate's failure to follow the required procedures of the prison's

administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar the claim. *Id.* at 90.

For proper exhaustion an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Thus, the court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). If, however, "an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross*, 136 S. Ct. at 1859. And an administrative remedy is not "unavailable" because an inmate fails to comply with procedural rules. *See Woodford*, 548 U.S. at 95. "The benefits of proper exhaustion are only realized if the prison grievance system is given a fair opportunity to consider the grievance which will not occur unless the grievant complies with the system's critical procedural rules." *Miles v. Taylor*, No. 1:16cv602, 2016 WL 8261717, at *1 (E.D. Va. July 5, 2016), *aff'd*, 670 F. App'x 79 (4th Cir. 2016) (citing *Woodford*, 548 U.S. at 95) (internal quotations omitted). Ultimately, "the exhaustion of administrative remedies under the PLRA is a question of law to be determined by the court." *Woodhouse v. Duncan*, No. 7:17cv129, 2018 WL 1514379, at *6 (W.D. Va. Jan. 10, 2018), *aff'd*, 741 F. App'x 177 (4th Cir. 2018).

The analysis of Defendants' arguments is made simple in this case: the court has already determined that Person failed to exhaust his administrative remedies. (Mem. Op., Sep. 27, 2021 [ECF No. 68].) The court previously surveyed the relevant evidence and considered the

affidavit of the Institutional Grievance Coordinator at KMCC, Kellie Breeding. (*Id.* at 7–9.) Based on the (undisputed) records, the court determined that, although Person did file both emergency and regular grievances regarding his delayed flu shot, those grievances were rejected at intake. (*See id.* at 9–10.) Person appealed that determination through the highest level of review, but he did not exhaust his administrative remedies. Because he could have corrected the errors in his grievances and resubmitted them, the final, unappealable review of the *intake* determination did not serve to exhaust his administrative remedies. (*See id.* at 10 (citing *Jackson v. Barksdale*, No. 7:17cv31, 2017 WL 3446259, at *5 (W.D. Va. Aug. 10, 2017) (noting that a grievance that is rejected at intake "does not result in intake into the grievance process," and that "such final intake decisions do not constitute exhaustion of administrative remedies"); *Hailey v. Cleary*, No. 7:17cv260, 2018 WL 2123623, at *2 (W.D. Va. May 8, 2018) (same).)

Based on the evidence in the record, the court reiterates its prior conclusion that Person failed to exhaust his administrative remedies. Under the PLRA, this failure bars his action against Defendants, and they are entitled to summary judgment.

## IV.

For the reasons discussed, Person failed to exhaust his administrative remedies, and Defendants' motion for summary judgment will be granted.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 27th day of September, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE